FILED
2025 Feb-26  AM 11:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GLENDA MORRISSETTE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO:** |
| ) | |
| **THE MEDICAL CLINIC BOARD** ) | Jury-yes |
| **OF THE CITY OF** ) | |
| **BIRMINGHAM - UAHSF,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW Plaintiff, GLENDA MORRISSETTE, in the above-styled action, files his Complaint against Defendant, THE MEDICAL CLINIC BOARD OF THE CITY OF BIRMINGHAM - UAHSF, in the above-styled action, and, in support thereof, shows as follows:

### INTRODUCTION

Plaintiff Glenda Morrissette, an African American female, was employed by The Medical Clinic Board of the City of Birmingham - UAHSF (hereinafter "UAHSF") through the UAB temporary services department in or around July 2017 in the OB/GYN Department at the UAB Hospital as a Clinic Nurse. She was offered a job share role as a part-time Clinic Nurse Team Leader shortly after and became employed by UAHSF at UAB Hospital in December 2017. Ms. Morrissette began

being harassed by Nurse Manager, Geraldine Franklin, in around September 2019 due to her race. She complained to Franklin's supervisor and to Human Resources multiple times and was retaliated against for making complaints to her supervisors. Plaintiff was falsely written up time after time and was terminated on July 10, 2024 for poor work performance.

UAHSF failed to protect or help Ms. Morrissette resolve the racial harassment by UAHSF employees and retaliated against her by terminating her employment for making a legitimate complaint of harassment.

### JURISDICTION AND VENUE

1. All of the events, transactions or occurrences which gave rise to Plaintiff's claims took place in this Judicial District. Therefore, venue is proper in this district and this division pursuant to 28 U.S.C. § 1391(b)(1).

2. Federal jurisdiction exists as this action arises under 28 U.S.C. § 1343(a)(4), TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended, 42 U.S.C. §§ 2000e - 2000e-17, and 42 U.S.C. § 1981 and SECTION 1 of the CIVIL RIGHTS ACT OF 1866, as amended.

3. This Court maintains subject matter jurisdiction under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1343(a)(4) and 1337.

### PARTIES

4. Glenda Morrissette ("Morrissette" or "Plaintiff") is above the age of

2

nineteen (19) and was, at all times relevant hereto, a resident of Shelby County, Alabama and a citizen of the United States of America.

5.      Defendant UAHSF is an employer engaged in commerce and otherwise meeting the definitional requirements of 42 U.S.C. § 2000e and 29 U.S.C. §§ 2611 and at all times relevant directed and supervised Plaintiff's employment.

## CONDITIONS PRECEDENT

6.      On November 17, 2024, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("E.E.O.C.") alleging discrimination based on race and retaliation against UAHSF. A copy of this Charge is attached hereto as Exhibit A.

7.      The Plaintiff received Notice of Right to Sue against UAHSF from the E.E.O.C. dated November 27, 2024 as to her Charge of Discrimination, and this action is being instituted within ninety (90) days of receipt by Plaintiff. A copy of the Right-to-Sue is attached hereto Exhibit B.

## FACTUAL AVERMENTS

8.      Plaintiff, Glenda Morrissette, is a 42-year-old African American female.

9.      Plaintiff began working for UAHSF (hereinafter "UAHSF") through the UAB Temporary Services Department in or around July 2017 in the OB/GYN Department Clinic ("Clinic") at UAB Hospital as Clinic Nurse for the High Risk

Obstetrics area.

10.     Plaintiff was offered and accepted a job share role as a part-time Clinic Nurse Team Leader on or around December 11, 2017 and was promoted by UAHSF as a part-time Clinic Nurse Team Leader.

11.     Plaintiff began a new work assignment in or around the beginning of 2020 as a Float, providing patient care and support as needed in assigned locations of the Clinic for the Low Risk Obstetrics area. Plaintiff typically was assigned to the busiest Clinic in her Float role, floating between the various low risk clinical areas.

12.     Plaintiff enjoyed a peaceful working environment from December 2017 through on or around the beginning of 2020, when Geraldine Franklin ("Franklin"), a Caucasian female in her fifties, became Plaintiff's immediate supervisor.

13.     Franklin began to "target" Plaintiff shortly after she became Plaintiff's immediate supervisor and reassigned her from the Main area of the Clinic where Plaintiff had been originally hired to work in her float role. Plaintiff was replaced on that job by a Caucasian female.

14.     Plaintiff received numerous write-ups regarding tardies, attendance, and performance, which Caucasian employees were not written up for.

15.     Plaintiff made a complaint to Human Resources ("HR") about being moved from the Main Clinic in her Float role. The HR supervisor agreed Plaintiff should remain in the Main Clinic in her Float role as part of her float assignment.

16.    Franklin disregarded the HR supervisor's recommendation, pulled Plaintiff completely out of the Clinic and began retaliating against Plaintiff, at that time, with write-ups regarding to time and attendance.

17.    Franklin was forced to move Plaintiff back to Plaintiff's original Float placement in the Main Clinic of her float role after Plaintiff's predecessor resigned.

18.    Franklin told another employee about negative feelings she had toward Plaintiff and failed to communicate with Plaintiff about her job responsibilities.

19.    In December 2022, Franklin gave Plaintiff a negative yearly. This caused Plaintiff to receive a lower yearly raise than other employees.

20.    Plaintiff set up a meeting following the negative review with Franklin's supervisor, Jennifer Kelley, about Franklin's behavior toward Plaintiff. Ms. Kelley did nothing to help.

21.    In or around the spring of 2023, the Low Risk Clinics transitioned to using a the Message Box system. The Message Box is the hospital's online portal for patients to ask questions and request guidance. Each employee was expected to utilize this system and assist patients as assigned, in addition to their usual nursing duties.

22.    Plaintiff was working as a Clinic Nurse in or around spring of 2023 at one centralized location since the end of 2021, no longer in the float role, in the Low Risk Clinics. Franklin began writing up Plaintiff about inappropriate coverage of

Message Box excessively. Plaintiff was reprimanded for not using "nursing judgment," and then she was also reprimanded if she did use "nursing judgment" when she did what was assigned to her.

23.    In or around October 2023, Plaintiff filled in for a co-worker who was out for over a week. Plaintiff was expected to run the Clinic and provide coverage of the Message Box at the same time, which was not a feasible task.

24.    On Friday, October 20, 2023, Plaintiff was confronted by Franklin through email for not working the Message Box on October 16, 2023, although Plaintiff's co-worker was out on that day and Plaintiff worked running the Clinic that entire day. Plaintiff was suspended for three days without pay.

25.    Plaintiff made a complaint to the HR supervisor on October 24, 2023 about Franklin writing Plaintiff up excessively and not being allowed to do her job as she was hired to do. Plaintiff was required to write a statement about not supporting Message Box on October 16, 2023.

26.    Following her report to HR, Franklin and Bethany Tidwell (one of Franklin's supervisors) met with Plaintiff and insisted she had abandoned patients and delayed care because she was not in the Message Box on October 16, 2023, although she was overscheduled with running the clinic and not sent additional assistance that day to help with patients.

27.    Tidwell attacked Plaintiff's character and said Plaintiff had complaints of bad behavior in her personnel file, which was completely false.

28.    Plaintiff was suspended without pay for three days and was not allowed to continue her Certification class on November 30, 2023. In fact, she was pulled out of her Certificate class by Franklin in an effort to humiliate Plaintiff in front of her co-workers.

29.    In or around December 2023, Franklin gave Plaintiff a poor performance evaluation, which caused Plaintiff not to get a raise that year.

30.    In or around January 2024, Franklin began treating Plaintiff even worse by writing her up more and questioning Plaintiff's ability to do her job adequately.

31.    On July 11, 2024, Plaintiff was terminated at the end of the work day for work performance.

32.    Nothing was done to help Plaintiff combat the hostile work environment she was continuously in at UAHSF. UAHSF fostered a racist environment and allowed for Plaintiff to work in a hostile work environment for over four years.

33.    UAHSF neither protected Ms. Morrissette nor helped to resolve the hostile work environment Plaintiff was subjected to each day.

## CAUSE OF ACTION

### Count I
### Violation of Title VII of the Civil Rights
### Act of 1964 as Amended

34.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 33, as if fully set out herein.

35.    Plaintiff has been subjected to racial discrimination and retaliation.

36.    Plaintiff avers Defendant condoned and tolerated the racial discrimination and was retaliated against for making a complaint. Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964.

37.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, and injunctive relief, and declaratory judgment is his only means of securing adequate relief. The unlawful employment practices complained of were done with malice and/or with reckless indifference to the federally protected rights of Plaintiff.

38.    Plaintiff has and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

## Count II
## Negligent/Wanton Hiring, Training, Supervision and/or Retention

39.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 33, as if fully set out herein.

40.    Defendant, as the employer, owner or operator of the place of employment by Glenda Morrissette, is and was imposed with the general duty to responsibly hire, train and supervise employees.

41.    Defendant owed a further duty to Glenda Morrissette to responsibly train, supervise and retain employees so as to properly maintain work environment free from any risk to employees at the hands of coworkers or supervisors therein.

42.    Defendant breached its duty by negligently and/or wantonly failing to properly hire, train and/or supervise UAHSF employees, who caused injury to Plaintiff, whether intentionally or negligently, within the line and scope of her employment.

43.    As a direct and proximate result of the breach of its duty by Defendant, Glenda Morrissette has suffered from and incurred emotional and mental anguish.

## Count III
## Retaliation under
## Title VII of the Civil Rights Act of 1964

44.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 33, as if fully set out herein.

9

45.     Defendant retaliated against Plaintiff by failing to stop its employees from retaliating against her in the workplace even after the Plaintiff complained, then terminating her for poor work performance, in violation of TITLE VII.

46.     Defendant subjected Plaintiff to unequal treatment regarding the terms, conditions and privileges of her employment for complaining of race-based discrimination. The retaliation was done willfully and with malicious and reckless disregard for the rights of Plaintiff.

47.     As a proximate result of the Defendant's wrongful conduct, Plaintiff has been injured and damaged as follows: she has suffered extreme mental and emotional distress, pain and suffering, lost wages and benefits.

**Count IV**
**Race Discrimination Under**
**Section 1 of the Civil Rights Act of 1866**

48.     Plaintiff restates and realleges the allegations contained in paragraphs 1 through 33, as if fully set out herein.

49.     The actions and inactions of Defendant constituted discrimination on account of the Plaintiff's race.

50.     Defendant purposefully and intentionally discriminated against the Plaintiff on account of her race.

51.     The actions and inactions of Defendant constituted discrimination against the Plaintiff in the making and/or enforcing of a contract, as the same is

10

defined in 42 U.S.C. § 1981, as amended.

52.     The actions and inactions of Defendant violated 42 U.S.C. § 1981, as amended.

53.     Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the Defendant's violation of 42 U.S.C. § 1981, as amended.

54.     Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of Defendant's violation of 42 U.S.C. § 1981, as amended.

55.     As a result of Defendant's actions, Plaintiff has suffered extreme harm, including but not limited to loss of employment opportunities, denial of wages, cost of medical care, compensation, and other benefits and conditions of employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Glenda Morrissette, prays that that this Court:

a.     Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

b.     Enjoin Defendant from engaging in such conduct in the future;

c.     Award Plaintiff compensatory and punitive damages, in an amount to be determined by the Court;

d.    Award Plaintiff costs, interests and attorneys' fees; and

e.    Grant such further and other, different and relief, including

equitable, as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues triable at law.


Respectfully submitted this the _____25th_____ day of February 2025.

/s/ Glenda Morrissette

Glenda Morrissette
252 Union Station Dr.
Calera, AL 35040
Phone: 334-413-1330


**DEFENDANT TO BE SERVED BY U.S. CERTIFIED MAIL:**

UAHSF
500 22nd St. S.
Birmingham, AL 35233

12