IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GLENDA MORRISSETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-00304-RDP |
| | ) |
| THE MEDICAL CLINIC BOARD | ) |
| OF THE CITY OF | ) |
| BIRMINGHAM-UAHSF, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT UNIVERSITY OF ALABAMA HEALTH SERVICES FOUNDATION, P.C.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant The University of Alabama Health Services Foundation, P.C., ("UAHSF"), ("Defendant"), incorrectly identified in the Plaintiff's Complaint as "The Medical Clinic Board of the City of Birmingham-UAHSF" responds to Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

1. Denied.

2. Denied.

3. Denied.

## PARTIES

4. On information and belief, admitted.

5. Defendant admits it meets the definitional requirements of 42 U.S.C. § 2000e.  Defendant denies the remaining allegations of Paragraph 5.

## CONDITIONS PRECEDENT

6. Admitted.

7. Defendant admits Plaintiff's Notice of Right to Sue from the EEOC is dated November 27, 2024.  Defendant denies the remaining allegations of Paragraph 7.

## FACTUAL AVERMENTS

8. On information and belief, admitted.

9. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

10. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

11. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

12. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

13. Denied.

14. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

15. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

16. Denied.

17. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

18. Denied.

19. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

20. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

21. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

22. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

23. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

24. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

25. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

26. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

27. Denied.

28. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

29. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

30. Denied.

31. Defendant does not have sufficient information at this time to admit or deny and therefore denies the allegations of this Paragraph.

32. Denied.

33. Denied.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED

34. Defendant adopts and incorporates its responses from Paragraphs 1-33 herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## COUNT II
## NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND/OR RETALIATION

39. Defendant adopts and incorporates its responses from Paragraphs 1-38 herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT III
## RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

44. Defendant adopts and incorporates its responses from Paragraphs 1-43 herein.

45. Denied.

46. Denied.

47. Denied.

## COUNT IV
## RACE DISCRIMINATION UNDER SECTION 1 OF THE CIVIL RIGHTS ACT OF 1866

48. Defendant adopts and incorporates its responses from Paragraphs 1-47 herein.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

Defendants deny that Plaintiff is entitled to the relief sought in her Complaint, in her Prayer for Relief, or to any other relief. In further defense, Defendant avers:

## **DEFENSES**

Defendant asserts the following defenses (affirmative and otherwise) to the Complaint, but does not assume the burden of proof on any such defense, except as required by applicable law with respect to the particular defenses asserted. Defendant expressly disavows any intent to waive defenses by operation of *Fed. R. Civ. P*. 12(h). Defendant reserves the right to assert additional defenses and/or otherwise to supplement this Answer in accordance with applicable law and orders of the Court.

## FIRST DEFENSE

All employment decisions at issue relating to Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory business reasons that were not pretextual.

## SECOND DEFENSE

Plaintiff's Complaint, in part, fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Defendant denies Plaintiff's race was a factor in any of the employment decisions at issue and further denies it discriminated against Plaintiff in any manner whatsoever; however, to the extent that the fact finder determines otherwise, Defendant states that the same decisions would have been made absent the alleged impermissible motive.

## FOURTH DEFENSE

Plaintiff's alleged discrimination claims are barred because Defendant: (a) had effective preventive and corrective complaint mechanisms in place, (b) such mechanisms were known to Plaintiff, and (c) Plaintiff did not timely take advantage of the complaint mechanisms, or otherwise failed to avoid harm.

## FIFTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in her Complaint

because, even if any unlawful discrimination occurred, which Defendant denies, such conduct was prohibited by Defendant's policies and was not committed, condoned, authorized, permitted, countenanced, ratified, or approved by Defendant.

## SIXTH DEFENSE

Plaintiff's claims, or some of them, are barred by the Doctrines of Waiver, Estoppel, Collateral Estoppel, Res Judicata, Ratification, Acquiescence, Laches, Consent, and Claim and/or Issue Preclusion.

## SEVENTH DEFENSE

Plaintiff's claims for damages are limited to the extent she has failed or refused to mitigate her damages.  Likewise, Plaintiff's claims are limited to the extent she has been or is physically or otherwise unable or unwilling to seek employment or work.  Defendant is entitled to an offset against any alleged lost income for any amounts earned or that could have been earned by Plaintiff.

## EIGHTH DEFENSE

To the extent Plaintiff's claims are based upon matters which occurred, or failed to occur, outside of the applicable statute of limitations for any of her claims, those claims are barred by the statute of limitations.

## NINTH DEFENSE

Plaintiff cannot recover punitive damages against Defendant for any of her claims.  Furthermore, Plaintiff is not entitled to an award of punitive damages, as

Plaintiff has not sufficiently pled and cannot prove facts sufficient to support such an award under applicable law. Defendant hereby pleads all defenses made available to it by the U.S. Supreme Court's decision in <u>Kolstad v. American Dental Assoc</u>., 119 S. Ct. 2118 (1999), as well as all other statutory, case law, and constitutional principles and limitations.

## **<u>TENTH DEFENSE</u>**

Subjecting Defendant to punitive damages in this case or affirming an award of punitive damages would violate the United States Constitution, as well as the Alabama Constitution. Furthermore, Defendant adopt all defenses made available under the decision rendered by the United States Supreme Court in <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 809 (1996).

## **<u>ELEVENTH DEFENSE</u>**

Defendant did not act with, and Plaintiff cannot prove that Defendant acted with, evil motive or intent, or reckless or callous indifference to, Plaintiff's federally protected rights.

## **<u>TWELFTH DEFENSE</u>**

Some or all of Plaintiff's claims are barred to the extent Plaintiff seeks remedies beyond those that he would be entitled to receive under the statutory provisions or Constitutional Amendments at issue.

## **<u>THIRTEENTH DEFENSE</u>**

9

Plaintiff's claims for damages are limited in whole or in part by statute.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because of her own acts or omissions.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to a jury trial on her claims for equitable relief or upon claims arising from the disparate impact theory he raises.

## SIXTEENTH DEFENSE

To the extent Plaintiff asserts claims under Title VII, she cannot pursue claims that were not raised in a timely filed Equal Employment Opportunity Commission ("EEOC") charge of discrimination which is a statutory predicate for those claims. Plaintiff did not timely file suit after receiving her Determination and Notice of Rights letter from the EEOC.

## SEVENTEENTH DEFENSE

To the extent Plaintiff did not file her initial Complaint within 90 days of the day she received a Notice of Right to Sue from the EEOC following a timely filed EEOC charge, her claims under Title VII are barred by failure to comply with the statute.

## EIGHTEENTH DEFENSE

Plaintiff is not entitled to a "double recovery" for her back pay and damages

under the law.

## NINTEENTH DEFENSE

Plaintiff is not entitled to any relief because he has "unclean hands."

## TWENTIETH DEFENSE

Plaintiff is not entitled to equitable relief as the Plaintiff has not suffered irreparable harm and has adequate remedies at law.

## TWENTY-FIRST DEFENSE

To the extent applicable, Plaintiff's claims and/or recovery are barred in whole or in part because of after-acquired evidence of wrongful conduct that would have resulted in termination or other disciplinary measures or decisions had Defendant known of such conduct at the time of the decision(s) at issue. See McKennon v. Nashville Banner Publishing Co., 513 U.S. 352 (1995); Wallace v. Dunn Construction Co., 62 F.3d 374 (11th Cir. 1995).

## TWENTY-SECOND DEFENSE

Plaintiff's Complaint fails to plead with the requisite specificity and thus her claims are due to be dismissed under *Fed. R. Civ. P.* 12(e).

## TWENTY-THIRD DEFENSE

Any damages suffered by Plaintiff are due to her own conduct, which included, but was not limited to, failure to comply with workplace rules for which she had actual knowledge. Plaintiff has unreasonably failed to take advantage of

11

any preventive or corrective opportunity provided or to avoid harm otherwise. See Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761-63 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 790, 807 (1998).

## TWENTY-FOURTH DEFENSE

Defendant's action or inaction was not the proximate, legal or substantial cause of any damages, injury or loss suffered by Plaintiff.

## TWENTY-FIFTH DEFENSE

Plaintiff cannot establish that similarly situated employees outside her protected classes were treated more favorably.

## TWENTY-SIXTH DEFENSE

Defendant asserts that Plaintiff's alleged damages were caused by an intervening or superseding cause.

## TWENTY-SEVENTH DEFENSE

All damages sought are subject to the limits set by 42 U.S.C. § 1981a and other applicable law.

At the time this Answer is filed, discovery has not yet been completed, and accordingly, Defendant reserves the right to assert additional defenses or provide supplemental answers to Plaintiff's Complaint if and when it becomes appropriate to do so.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's Complaint is dismissed in its entirety with prejudice and that Plaintiff takes nothing by her Complaint;

2. That Defendant is awarded its costs of suit incurred herein, including its actual attorney's fees and costs; and

3. For such other, further, and different relief as the Court shall deem just, necessary and proper.

>Respectfully submitted,
>
>/s/ David R. Mellon
>David R. Mellon  (ASB-2493-L73D)
>drmellon@uasystem.edu
>
>/s/ Spencer A. Kinderman
>Spencer A. Kinderman (ASB-3831-D59S)
>skinderman@uasystem.edu
>
>/s/ Emily T. Vande Lune
>Emily T. Vande Lune (ASB-4992-M13B)
>evandelune@uasystem.edu

Attorneys for Defendant The University of Alabama Health Services Foundation, P.C.

**OF COUNSEL:**

**THE UNIVERSITY OF ALABAMA SYSTEM**
**UAB OFFICE OF COUNSEL**
1720 2nd Avenue South, Suite AB 820
Birmingham, AL 35294-0108
(205) 934-3474

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of June, 2025, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF filing system and sent via U.S. Mail to the following pro se plaintiff:

>Glenda Morrissette
>252 Union Station Drive
>Calera, Alabama 35040

>/s/ David R. Mellon
>Of Counsel