IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GLENDA MORRISSETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-00304-RDP |
| ) | |
| THE MEDICAL CLINIC BOARD ) | |
| OF THE CITY OF ) | |
| BIRMINGHAM-UAHSF, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT UNIVERSITY OF ALABAMA HEALTH SERVICES FOUNDATION, P.C.'S AMENDED AND SUPPLEMENTAL ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant The University of Alabama Health Services Foundation, P.C., ("UAHSF" or "Defendant"), incorrectly identified in the Plaintiff's Complaint as "The Medical Clinic Board of the City of Birmingham-UAHSF" responds to Plaintiff's Complaint as follows:

### Response to Introduction

Defendant admits Plaintiff is an African-American female who was employed by the Board of Trustees of the University of Alabama ("the Board") on a temporary basis as a Registered Nurse ("RN") in August 2017. Defendant further admits that Plaintiff was hired by UAHSF in December 2017, as a part-time Clinic Nurse Team

Leader. Defendant denies any remaining allegations in the unnumbered Paragraph in Plaintiff's Introduction. To the extent the Introduction is construed to allege other wrongdoing or liability by the Defendant, such allegations are denied.

1. Defendant admits venue is proper in this District and Division. Defendant denies that it committed any unlawful employment practice in Alabama or elsewhere. Defendant denies the remaining allegations in Paragraph 1.

2. Denied.

3. Denied.

4. On information and belief, admitted.

5. Defendant admits it is an employer within the meaning of 42 U.S.C. § 2000e. Defendant denies the remaining allegations of Paragraph 5.

6. Defendant admits that Plaintiff filed a Charge of Discrimination (Charge 420-2024-04258) with the United States Equal Employment Opportunity Commission on November 17, 2024, which Plaintiff attached at Doc. 1-1. Defendant denies any remaining allegations in Paragraph 6.

7. Defendant admits Plaintiff received a Notice of Right to Sue from the EEOC on November 27, 2024, and it is attached at Doc. 1-1. Defendant denies the remaining allegations of Paragraph 7.

8. On information and belief, admitted.

9. On information and belief, Defendant admits that on August 22, 2017, the Board hired Plaintiff as a temporary RN in the Maternal Fetal Medicine division of the Department of Obstetrics and Gynecology ("OBGYN"). Defendant otherwise denies the allegations of Paragraph 9.

10. Defendant admits that Plaintiff was hired by UAHSF on December 11, 2017, as a part-time Clinic Nurse Team Leader for Defendant in the OBGYN department. Defendant denies the remaining allegations of Paragraph 10.

11. Defendant admits that Plaintiff began working as a float nurse in other clinic locations within the OBGYN department. Defendant denies the remaining allegations of Paragraph 11.

12. Denied.

13. Denied.

14. Defendant admits that Plaintiff received verbal and written warnings relating to tardy arrival time, unexpected absences, and poor job performance. Defendant denies the remaining allegations of Paragraph 14.

15. Denied.

16. Denied.

17. Defendant admits that Plaintiff was temporarily assigned to the Maternal Fetal Medicine division in her capacity as a float nurse. Defendant denies the remaining allegations of Paragraph 17.

18. Denied.

19. Defendant admits that Plaintiff had an annual review in November 2022 in which she received an overall rating of "Exceeded Some Expectations." Defendant admits that Plaintiff received a 2% merit increase rather than a 3% merit increase due to Plaintiff's consistent tardies and unexpected absences during the year of 2022. Defendant denies the remaining allegations of Paragraph 19.

20. Defendant admits that Plaintiff met with Jennifer Kelley in January 2023, regarding Plaintiff's verbal and written warnings relating to tardies and poor attendance. Defendant denies the remaining allegations of Paragraph 20.

21. Defendant admits that the OBGYN department made efforts to standardize its clinics in April 2023, which included implementing the use of the Message Box system. Defendant admits that the Message Box is used as an online portal for patient questions and provider orders and is managed by the staff within the OBGYN department. Defendant denies the remaining allegations of Paragraph 21.

22. Defendant admits that Plaintiff was assigned to a regular role as a nurse at the Central Health Department location in the OBGYN department in December 2021. Defendant further admits that Plaintiff received verbal and written warnings relating to her job performance which included Plaintiff's mismanagement of the Message Box. Defendant denies the remaining allegations of Paragraph 22.

23. Denied.

24. Defendant admits that Geraldine Franklin sent an email to Plaintiff on October 20, 2023, regarding her coverage of the Message Box on October 16, 2023. Defendant denies the remaining allegations of Paragraph 24.

25. Defendant admits that Plaintiff contacted Human Resources on October 24, 2023, regarding a meeting she had with Geraldine Franklin and Bethany Tidwell, to discuss her poor management of the Message Box system on October 16, 2023. Defendant admits that Human Resources suggested that Plaintiff provide a written summary regarding her position relating to her coverage of the Message Box. Defendant denies the remaining allegations of Paragraph 25.

26. Defendant admits that Plaintiff met with Geraldine Franklin and Bethany Tidwell in October 2023 to discuss the verbal and written warnings provided to Plaintiff regarding management of the Message Box. Defendant denies the remaining allegations of Paragraph 26.

27. Denied.

28. Denied.

29. Defendant admits that Plaintiff had an annual review in November 2023, where Plaintiff received an overall rating of "Met Some Expectations." Defendant denies the remaining allegations of Paragraph 29.

30. Denied.

31. Defendant admits that Plaintiff's employment with UAHSF was terminated on July 11, 2024, based upon her work performance.

32. Denied.

33. Denied.

34. In response to Paragraph 34 of the Complaint Defendant adopts and incorporates its responses from Paragraphs 1-33 herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. In response to Paragraph 39 of the Complaint, Defendant adopts and incorporates its responses from Paragraphs 1-33 herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. In response to Paragraph 44 of the Complaint Defendant adopts and incorporates its responses from Paragraphs 1-33 herein.

45. Denied.

46. Denied.

47. Denied.

48. In response to Paragraph 48 of the Complaint Defendant adopts and incorporates its responses from Paragraphs 1-33 herein.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Defendants deny that Plaintiff is entitled to the relief sought in her Complaint, in her Prayer for Relief, or to any other relief.

## **DEFENSES**

Defendant asserts the following defenses (affirmative and otherwise) to the Complaint, but does not assume the burden of proof on any such defense, except as required by applicable law with respect to the particular defenses asserted. Defendant expressly disavows any intent to waive defenses by operation of *Fed. R. Civ. P*. 12(h). Defendant reserves the right to assert additional defenses and/or otherwise to supplement this Answer in accordance with applicable law and orders of the Court.

## FIRST DEFENSE

57. All employment decisions at issue relating to Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory business reasons that were not pretextual.

## SECOND DEFENSE

58. Plaintiff's Complaint, in part, fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

59. Defendant denies Plaintiff's race was a factor in any of the employment decisions at issue and further denies it discriminated against Plaintiff in any manner whatsoever; however, to the extent that the fact finder determines otherwise, Defendant states that the same decisions would have been made absent the alleged impermissible motive.

## FOURTH DEFENSE

60. Plaintiff's alleged discrimination claims are barred because Defendant: (a) had effective preventive and corrective complaint mechanisms in place, (b) such mechanisms were known to Plaintiff, and (c) Plaintiff did not timely take advantage of the complaint mechanisms, or otherwise failed to avoid harm.

**FIFTH DEFENSE**

61. Plaintiff is not entitled to some or all of the relief requested in her Complaint because, even if any unlawful discrimination occurred, which Defendant denies, such conduct was prohibited by Defendant's policies and was not committed, condoned, authorized, permitted, countenanced, ratified, or approved by Defendant.

**SIXTH DEFENSE**

62. Plaintiff's claims, or some of them, are barred by the Doctrines of Waiver, Estoppel, Collateral Estoppel, Res Judicata, Ratification, Acquiescence, Laches, Consent, and Claim and/or Issue Preclusion.

**SEVENTH DEFENSE**

63. Plaintiff's claims for damages are limited to the extent she has failed or refused to mitigate her damages. Likewise, Plaintiff's claims are limited to the extent she has been or is physically or otherwise unable or unwilling to seek employment or work. Defendant is entitled to an offset against any alleged lost income for any amounts earned or that could have been earned by Plaintiff.

**EIGHTH DEFENSE**

64. To the extent Plaintiff's claims are based upon matters which occurred, or failed to occur, outside of the applicable statute of limitations for any of her claims, those claims are barred by the statute of limitations.

**NINTH DEFENSE**

65. Plaintiff cannot recover punitive damages against Defendant for any of her claims. Furthermore, Plaintiff is not entitled to an award of punitive damages, as Plaintiff has not sufficiently pled and cannot prove facts sufficient to support such an award under applicable law. Defendant hereby pleads all defenses made available to it by the U.S. Supreme Court's decision in Kolstad v. American Dental Assoc., 119 S. Ct. 2118 (1999), as well as all other statutory, case law, and constitutional principles and limitations.

**TENTH DEFENSE**

66. Subjecting Defendant to punitive damages in this case or affirming an award of punitive damages would violate the United States Constitution, as well as the Alabama Constitution. Furthermore, Defendant adopt all defenses made available under the decision rendered by the United States Supreme Court in BMW of North America, Inc. v. Gore, 517 U.S. 809 (1996).

**ELEVENTH DEFENSE**

67. Defendant did not act with, and Plaintiff cannot prove that Defendant acted with, evil motive or intent, or reckless or callous indifference to, Plaintiff's federally protected rights.

## TWELFTH DEFENSE

68. Some or all of Plaintiff's claims are barred to the extent Plaintiff seeks remedies beyond those that he would be entitled to receive under the statutory provisions or Constitutional Amendments at issue.

## THIRTEENTH DEFENSE

69. Plaintiff's claims for damages are limited in whole or in part by statute.

## FOURTEENTH DEFENSE

70. Plaintiff's claims are barred in whole or in part because of her own acts or omissions.

## FIFTEENTH DEFENSE

71. Plaintiff is not entitled to a jury trial on her claims for equitable relief or upon claims arising from the disparate impact theory he raises.

## SIXTEENTH DEFENSE

72. To the extent Plaintiff asserts claims under Title VII, she cannot pursue claims that were not raised in a timely filed Equal Employment Opportunity Commission ("EEOC") charge of discrimination which is a statutory predicate for those claims. Plaintiff did not timely file suit after receiving her Determination and Notice of Rights letter from the EEOC.

## SEVENTEENTH DEFENSE

73. To the extent Plaintiff did not file her initial Complaint within 90 days of the day she received a Notice of Right to Sue from the EEOC following a timely filed EEOC charge, her claims under Title VII are barred by failure to comply with the statute.

## EIGHTEENTH DEFENSE

74. Plaintiff is not entitled to a "double recovery" for her back pay and damages under the law.

## NINTEENTH DEFENSE

75. Plaintiff is not entitled to any relief because he has "unclean hands."

## TWENTIETH DEFENSE

76. Plaintiff is not entitled to equitable relief as the Plaintiff has not suffered irreparable harm and has adequate remedies at law.

## TWENTY-FIRST DEFENSE

77. To the extent applicable, Plaintiff's claims and/or recovery are barred in whole or in part because of after-acquired evidence of wrongful conduct that would have resulted in termination or other disciplinary measures or decisions had Defendant known of such conduct at the time of the decision(s) at issue. See McKennon v. Nashville Banner Publishing Co., 513 U.S. 352 (1995); Wallace v. Dunn Construction Co., 62 F.3d 374 (11th Cir. 1995).

## TWENTY-SECOND DEFENSE

78. Plaintiff's Complaint fails to plead with the requisite specificity and thus her claims are due to be dismissed under *Fed. R. Civ. P.* 12(e).

## TWENTY-THIRD DEFENSE

79. Any damages suffered by Plaintiff are due to her own conduct, which included, but was not limited to, failure to comply with workplace rules for which she had actual knowledge. Plaintiff has unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid harm otherwise. See Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761-63 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 790, 807 (1998).

## TWENTY-FOURTH DEFENSE

80. Defendant's action or inaction was not the proximate, legal or substantial cause of any damages, injury or loss suffered by Plaintiff.

## TWENTY-FIFTH DEFENSE

81. Plaintiff cannot establish that similarly situated employees outside her protected classes were treated more favorably.

## TWENTY-SIXTH DEFENSE

82. Defendant asserts that Plaintiff's alleged damages were caused by an intervening or superseding cause.

## TWENTY-SEVENTH DEFENSE

83. All damages sought are subject to the limits set by 42 U.S.C. § 1981a and other applicable law.

## TWENTY-EIGHTH DEFENSE

84. Plaintiff's lawsuit is untimely as it was not initiated ninety (90) days after the issuance of the Notice of Right to Sue provided by the United States Equal Employment Opportunity Commission.

At the time this Answer is filed, discovery has not yet been completed, and accordingly, Defendant reserves the right to assert additional defenses or provide supplemental answers to Plaintiff's Complaint if and when it becomes appropriate to do so.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's Complaint is dismissed in its entirety with prejudice and that Plaintiff takes nothing by her Complaint;

2. That Defendant is awarded its costs of suit incurred herein, including its actual attorney's fees and costs; and

3. For such other, further, and different relief as the Court shall deem just, necessary and proper.

Respectfully submitted,

*/s/ Kimberly S. Davis*
James C. Pennington (ASB-1287-N62J)
Kimberly S. Davis (ASB-6976-X52T)

Ogletree, Deakins, Nash, Smoak
   & Stewart, P.C.
420 20th Street North, Suite 1900
Birmingham, AL 35203
Telephone: (205) 328-1900
james.pennington@ogletreedeakins.com
kimberly.davis@ogletreedeakins.com
**Attorneys for Defendant**

# CERTIFICATE OF SERVICE

I served the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

David R Mellon
University of Alabama System
UAB Office of Counsel
1720 2nd Avenue South, Suite AB 820
Birmingham, AL 35294-0108
drmellon@uasystem.edu

Additionally, I certify that on this 4th day of September 2025, I mailed a copy of the foregoing via US First Class mail to the following:

Glenda Morrissette
252 Union Station Dr.
Calera, AL 35040
334-413-1330
*Pro Se*

/s/ *Kimberly S. Davis*
Of Counsel