IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GLENDA MORRISSETTE,** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) Civil Action No. 2:25-cv-00304-RDP |
| | ) |
| **UNIVERSITY OF ALABAMA** | ) |
| **HEALTH SERVICES** | ) |
| **FOUNDATIONS, P.C.,** | ) |
| | ) |
| DEFENDANT. | ) |

**BRIEF IN SUPPORT OF MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS BY DEFENDANT
<u>UNIVERSITY OF ALABAMA HEALTH SERVICES FOUNDATIONS, P.C.</u>**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant University of Alabama Health Services Foundations, P.C. ("UAHSF") files this brief in support of its Motion for Partial Judgment on the Pleadings.

## INTRODUCTION

Plaintiff Glenda Morrissette, a former UAHSF employee, filed a Complaint asserting federal employment and state law tort claims against UAHSF: (1) Title VII race discrimination; (2) negligent/wanton hiring, training, supervision, and/or retention; (3) Title VII retaliation; and (4) race discrimination in violation of 42 U.S.C. § 1981. (Doc. 1, pp. 8-11.) Pursuant to Federal Rule of Civil Procedure 12(c), UAHSF moves to dismiss Counts I and III of the Complaint because Plaintiff's Title

VII race discrimination and retaliation claims are untimely, having not been initiated within 90 days after the United States Equal Employment Opportunity Commission ("EEOC") issued the Notice of Right to Sue. UAHSF also moves to dismiss Count II of Plaintiff's Complaint because she does not allege any independent conduct that would support an Alabama tort law claim for negligent/wanton hiring, training, supervision and/or retention.

**PERTINENT ALLEGATIONS OF THE COMPLAINT**

UAHSF hired Plaintiff, an African-American, on December 11, 2017, as a part-time Clinic Nurse Team Leader for its Department of Obstetrics and Gynecology ("OBGYN"). (Doc. 1, ¶ 9.) The Complaint describes actions Plaintiff perceived as racially motivated and retaliatory. (Doc. 1, ¶¶ 34-38, 44-47.)

Plaintiff filed a Charge of Discrimination (Charge 420-2024-04258) with the EEOC on November 17, 2024, alleging "discriminatory retaliation due to [her] race." (Doc. 1-1.) Plaintiff received her Notice of Right to Sue from the EEOC on November 27, 2024. (Doc. 1-1.) Plaintiff subsequently filed her Complaint on February 26, 2025, alleging Title VII race discrimination and retaliation. (Doc. 1, pp. 8-10.) Plaintiff "realleges the allegations contained in paragraphs 1 through 33," to support her claim for every cause of action. (Doc. 1, ¶¶ 34, 39, 44, and 48).

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standard as a Rule 12(b)(6) motion to dismiss: the Court accepts the complaint's well-pleaded factual allegations as true and determines whether the movant is entitled to judgment as a matter of law based on the pleadings and any incorporated exhibits. *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010); *Andrx Pharm., Inc. v. Elan Corp.*, 421 F.3d 1227, 1232-33 (11th Cir. 2005) ("Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts."); *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

## ARGUMENT

Title VII requires a plaintiff to file suit "within ninety days" after receiving the EEOC's notice of right to sue. 42 U.S.C. § 2000e-5(f)(1). The Eleventh Circuit strictly enforces this deadline: the 90-day period begins when the plaintiff (or her authorized agent) receives the notice, and complaints filed outside that window are time-barred absent a basis for equitable tolling. *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000); *Williams v. Ga. Dep't of Def. Nat'l Guard Headquarters*, 147 F. App'x 134, 136 (11th Cir. 2005); *Zillyette v. Cap. One Fin.*

*Corp.*, 179 F.3d 1337, 1339-40 (11th Cir. 1999); *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151–52 (1984) (per curiam) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Although the 90-day filing requirement is not jurisdictional, it is a condition precedent subject to waiver, estoppel, and equitable tolling only in "extraordinary" circumstances and is otherwise strictly applied. *Forehand v. Fla. State Hosp.*, 89 F.3d 1562, 1567–68 (11th Cir. 1996); *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004). Accordingly, when the pleadings establish that a Title VII complaint was filed outside the 90-day period, judgment on the pleadings is warranted.

### A. Plaintiff Failed to Timely File Her Title VII Claims

The pleadings demonstrate Plaintiff's Complaint for Title VII discrimination (Count I) and Title VII retaliation (Count III) is untimely and must be dismissed. Plaintiff filed her Complaint more than 90 days after receiving her Notice of Right to Sue ("NRTS") from the EEOC, which is attached as Doc. 1-1 to the Complaint.[1]

The Notice of Right to Sue provided by Plaintiff states in relevant part:

---

[1] The Notice of Right to Sue may be considered part of the pleadings for the purposes of dismissal. *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("Where the plaintiff refers to certain documents in the Complaint and those documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal.").

> This is the official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice**. Receipt generally occurs on the date that you (or your representative) view this document. … Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.

(Doc. 1-1) (emphasis in original).

The Eleventh Circuit consistently upholds the dismissal of lawsuits filed more than 90 days after a plaintiff receives a Notice of Right to Sue. *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002) ("*Green*") (97 days is untimely); *Norris v. Florida Health and Rehab Serv.*, 730 F.2d 682, 682-83 (11th Cir. 1984) (91 days is untimely); *Law v. Hercules, Inc.*, 713 F.2d 691, 692-93 (11th Cir. 1983) (91 days is untimely).

The plaintiff has the initial burden of establishing that the complaint was filed within 90 days after receipt of the EEOC's right-to-sue letter. *Green*, 281 F.3d at 1233. "Once a defendant contests whether a plaintiff filed his complaint within ninety days of receiving the EEOC right to sue letter, the plaintiff 'has the burden of establishing that he met the ninety day filing requirement.'" *Ramion v. Brad Cole Constr. Co.*, 805 Fed. Appx. 948 (11th Cir. 2020) (quoting *Green*, 281 F.3d at 1234 (11th Cir. 2002)).

Plaintiff admits, as she must,[2] that she received her NRTS on November 27, 2024. (Doc. 1, ¶ 7). She filed her Complaint on February 26, 2025, 91 days after receiving and downloading her Notice of Right to Sue on November 27, 2024. Plaintiff has failed to meet her burden of establishing that she met the 90-day filing requirement, requiring dismissal of her Title VII claims.

B.  **Plaintiff Is Not Entitled to Equitable Tolling**

Plaintiff cannot show that she is entitled to equitable tolling of the 90-day filing deadline. Equitable tolling is an extraordinary remedy, applied sparingly and only in truly extraordinary circumstances. *Harris v. Sec'y, United States DOI*, 2022 U.S. App. LEXIS 29474, No. 21-14117, at *11 (11th Cir. Oct. 24, 2022); *Chang v. Carnival Corp*, 839 F.3d 993, 996 (11th Cir. 2016); *Pollock v. Sec'y, Dep't of Corr.*, 664 Fed. Appx. 770, 772 (11th Cir. 2016). The general test for equitable tolling requires the party seeking tolling to prove two elements: "(1) [that] she has been pursuing her rights diligently and (2) [that] some extraordinary circumstance stood in her way and prevented her from timely filing." *Joye v. Dep't of Navy*, 736 F. Appx

---

[2] Attached as Exhibit 1 to the Motion for Partial Judgment on the Pleadings is an excerpt from the EEOC's electronic charge log, received by defendant pursuant to the Freedom of Information Act from the EEOC. Exhibit 1 shows that the EEOC released its Notice of Right to Sue ("2024-11-27 NRTS Morrissette v UAHSF-signed.pdf") on November 27, 2024, emailed Plaintiff on the same date that the document was available for download, and that Plaintiff downloaded the NRTS on November 27, 2024 at 8:32:59 EST and again at 8:34:21 EST. While this document *is not offered* as evidence to support the date and time of the Plaintiff's actual notice on a Motion for Judgment on the Pleadings, *it is offered* to show Defendants' good faith in challenging the timeliness of the filing of the action and that Plaintiff has no good faith basis for attempting to establish that she met the 90-day filing requirement.

861, 864 (11th Cir. 2018); *see also Harris*, 2022 U.S. App. LEXIS 29474 at *11; *Pollock*, 664 Fed. Appx. at 772. Equitable tolling is "typically applied sparingly, and the plaintiff bears the burden of proving that equitable tolling of the limitations period is appropriate." *Mesones v. Estevez*, 2021 U.S. App. LEXIS 25191, No. 19-14119, at *4 (11th Cir. Aug. 23, 2021). This "difficult burden" requires demonstrating entitlement to equitable tolling. *Dotson v. United States*, 30 F.4th 1259, 1268-69 (11th Cir. 2022) (internal quotations and citations omitted).

"Traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances, such as fraud, misinformation, or deliberate concealment." *Bourne v. Sch. Bd.*, 508 Fed. Appx. 907, 910 (11th Cir. 2013) (internal quotations omitted). Specifically, in the Title VII context, the Eleventh Circuit has recognized only three limited situations where equitable tolling may be appropriate: "(1) when a state court action is pending; (2) when the defendant has concealed facts supporting a cause of action under Title VII; and (3) when the defendant misled the Plaintiff about the nature of her rights under Title VII." *Davis v. Auburn Bank*, 704 Fed. Appx. 837, 841 (11th Cir. 2017).

Plaintiff cannot meet her burden, nor has she pleaded factual support for any of the aforementioned limited situations. No state court action is pending, Plaintiff was aware of her Title VII claims when she filed her EEOC Charge, and UAHSF has not concealed supporting facts. Furthermore, there is no allegation that UAHSF

7

misled Plaintiff about her Title VII rights. Therefore, Plaintiff has no basis for equitable tolling, and her Title VII claims must be dismissed.

### C. Plaintiff Fails to Plead an Actionable Claim for Negligent/Wanton Hiring, Training, Supervision and/or Retention

In *Thrasher v. Ivan Leonard Chevrolet, Inc.*, 195 F. Supp. 2d 1314 (N.D. Ala. 2002) this Court found that a Plaintiff must plead incompetence based on an Alabama common-law tort to establish a claim for negligent supervision, training, and/or retention against her employer. The Court stated:

> In order to establish a claim against an employer for negligent supervision, training, and/or retention, the plaintiff must establish that the allegedly incompetent employee committed a common-law, Alabama tort. As Alabama does not recognize a common-law tort for sex discrimination in employment, the Court finds that Plaintiff cannot maintain an action for negligent supervision, training, and/or retention based upon conduct that is employment discrimination, but does not support a common-law tort.

*Thrasher*, 195 F. Supp. at 1320 (internal citations omitted).

Decisions from the other United States district courts in Alabama, agree. *See, e.g., Biggers v. Koch Foods of Ala., LLC*, 461 F. Supp. 3d 1176, 1188-89 (M.D. Ala. 2020) ("[F]or an employer to be liable for negligent or wanton supervision and retention, its employee must have committed a common law tort recognized under Alabama law."); *Guy v. Alabama Power Co.*, No. 2:13cv8–MHT, 2013 WL 3929858, *2 (M.D. Ala. July 29, 2013) ("[I]t is clear that the employee's wrongdoing must be based on state, and not federal, law. Otherwise, the tort of negligent or

wanton hiring, training, and supervision could be a corridor through which federal laws prohibiting various types of conduct by employees could be incorporated into state law as a privately redressable requirement on employers to stop their employees from engaging in such conduct."); *Rabb v. Georgia Pacific, LLC*, No. CA 09–0420–C, 2010 WL 2985575, *16 (S.D. Ala. July 26, 2010) ("Because Alabama does not recognize a common-law tort for race discrimination in employment, this Court finds that Rabb cannot maintain an action for negligent supervision 'based upon conduct that is employment discrimination, but does not support a common-law tort.'" (quoting *Thrasher*, 195 F. Supp. 2d at 1320)). This Court also confirmed that Alabama does not recognize race discrimination as a common-law tort claim. *Biggers*, 461 F. Supp. at 1189 ("In fact, Alabama does not recognize a common-law tort for race discrimination in employment, and Plaintiff cannot maintain an action for negligent or wanton supervision and retention based on underlying claims made pursuant to § 1981.").[3]

Here, Plaintiff's claim for negligent/wanton hiring, training, supervision and/or retention is based entirely on the same alleged conduct that supports her claims for race discrimination under Title VII and 42 U.S.C. § 1981 and her claim

---

[3] The Eleventh Circuit has held that claims for race discrimination cognizable under both Title VII and § 1981 "'have the same requirements of proof and use the same analytical framework.'" *Blue v. Dunn Const. Co., Inc.*, 2011 WL 5903535, at *1 (11th Cir. 2011) (quoting *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir.1998)).

9

for retaliation under Title VII. (Doc. 1, ¶¶ 34, 39, 44, and 48). Plaintiff does not allege any independent conduct that would support an Alabama tort law claim. Accordingly, her claim for negligent/wanton hiring, training, supervision and/or retention must be dismissed.

## CONCLUSION

For the reasons set forth herein, Defendant, The University of Alabama Health Services Foundation, P.C., respectfully moves the Court to enter an order granting a partial judgment on the pleadings in favor of UAHSF with respect to Plaintiff's claims of Title VII race discrimination (Count I); negligent/wanton hiring, training, supervision and/or retention (Count II); and Title VII retaliation (Count III) against UAHSF, and for any further relief to which it may be entitled.

Respectfully submitted,

/s/ *Kimberly S. Davis*
James C. Pennington (ASB-1287-n62j)
Kimberly S. Davis (ASB-6976-x52t)
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
420 20th Street North, Ste. 1900
Birmingham, AL 35203
205-714-4422
Telephone: 205-328-1900
Facsimile: 205-328-6000
james.pennington@ogletree.com
kimberly.davis@ogletree.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I served the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

David R Mellon
University of Alabama System
UAB Office of Counsel
1720 2nd Avenue South, Suite AB 820
Birmingham, AL 35294-0108
drmellon@uasystem.edu

Additionally, I certify that on this 14th day of October 2025, I emailed a copy of the foregoing to the following:

GLENDA MORRISSETTE
252 Union Station Dr.
Calera, AL 35040
morrissettegm@gmail.com

                                                /s/ *Kimberly S. Davis*
                                                Of Counsel